IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THERESA MWIMBWA, | Case No. 1:25-CV-00908 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| QUEST DIAGNOSTICS, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Quest Diagnostics Incorporated's ("Defendant" or "Quest")[1] Partial Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support filed on July 14, 2025 (together, "Defendant's Motion"). (Doc. Nos. 11 and 11-1.) On July 22, 2025, Plaintiff Theresa Mwimbwa ("Plaintiff" or "Mwimbwa") filed a Brief in Opposition to Defendant's Motion ("Plaintiff's Opposition"). (Doc. No. 15.) On August 4, 2025, Quest filed a Reply in Support of Defendant's Motion ("Defendant's Reply"), and on August 5, 2025, Mwimbwa filed a Motion for Leave to File Surreply Brief to Defendant's Reply ("Plaintiff's Motion"). (Doc. Nos. 17, 18.) For the reasons set forth below, Defendant's Motion is DENIED and Plaintiff's Motion is DENIED.

I.  Background

   A.  The "First Lawsuit"

---

[1] In Defendant's Answers to Plaintiff's Complaint and Amended Complaint, as well as Defendant's Motion for Partial Dismissal of Plaintiff's Complaint and Motion for Partial Dismissal of Plaintiff's Amended Complaint, Defendant Quest Diagnostics Incorporated noted that Plaintiff had "incorrectly captioned" it as Quest Diagnostics. (Doc. No. 5, PageID # 28; Doc. No. 6, PageID # 28; Doc. No. 11, PageiD # 77; and Doc. No. 12, PageID # 91.)

On March 4, 2025, Mwimbwa filed a complaint against Quest that included claims for Retaliation, Intentional Infliction of Emotional Distress and Violations of the American with Disabilities Act ("ADA"). (*Mwimbwa v. Quest Diagnostics*, No. 1:25-cv-428-PAB (N.D. Ohio March 4, 2025) ("*Mwimbwa* I"), Doc. No. 1.) The complaint filed in *Mwimbwa* I did not include any allegations that Plaintiff had exhausted her administrative remedies. (*Id.*) On March 18, 2025, Plaintiff filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a) dismissing the complaint against Quest without prejudice. (*Id.,* Doc. No. 3.) On that same date, this Court then dismissed the claims against Quest, without prejudice, and dismissed *Mwimbwa* I. (*Id.*, Non-Doc. Order, No. 4.)

B.   The "Second Lawsuit"

Plaintiff then initiated the instant Second Lawsuit against Quest on May 6, 2025, and indicated on the Civil Cover Sheet filed therewith that the instant lawsuit was a refiled case. (Doc. No. 1-2, PageID # 12.) In Plaintiff's Complaint filed on May 6, 2025 ("Plaintiff's Complaint"), Mwimbwa set forth the following relevant allegations. She is "of the minority race as a white woman employed at the Quest Diagnostic[s] office." (Doc. No. 1 at ¶ 8.) Mwimbwa "suffered a traumatic brain injury in a car accident in April 2024" and upon her "return[] to work after recovering from [it], she experienced no difficulty continuing her same job and duties that she was hired to do." (*Id.* at ¶¶ 9–10.) Upon her return to work, Mwimbwa "was friendly and helpful to a newly hired transgender employee" on her shift, but "other employees showed hostility towards the transgender employee" and "started to act hostile towards [Mwimbwa] when they saw her friendly behavior towards the transgender employee." (*Id.* at ¶¶ 11–13.) Mwimbwa "began to file complaints to Human Resources regarding these situations." (*Id.* at ¶ 14.)

Mwimbwa "was then switched from the job she was hired to do to a completely different position which left her in charge of using new complex machinery" and because she was "not . . . trained for the new position, [she] did not know how to perform her job effectively." (*Id.* at ¶¶ 15–16.) "The difficulties of Plaintiff's new position caused her to struggle with her health from her traumatic brain injury." (*Id.* at ¶ 17.) According to Mwimbwa, "managers and employees harassed" her because she did not know "how to use the complex machines at her new position." (*Id.* at ¶ 18.) As a result, she "asked to be switched back to her original position, but her request was denied despite the fact that she submitted paperwork from her doctor," but her request was denied. (*Id.* at ¶¶ 19–20.) Mwimbwa alleges that she: "was not reasonably accommodated . . . for her disability"; she was "continually passed up for possible promotions by younger male employees"; she was "harassed by other employees and was singled out due to her race and friendship with the transgender employee"; and she "had to seek medical care due to the continued harassment." (*Id.* at ¶¶ 21–24.)

According to Mwimbwa, she filed a charge of discrimination against Quest with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 3, 2025[2]; she received a Notice of Right to Sue letter from the EEOC on April 29, 2025 (attached to Plaintiff's Complaint as EXHIBIT I); and therefore, she has exhausted all administrative remedies available to her. (*Id.* at ¶¶ 25–27.) The Dismissal and Notice of Rights issued by the EEOC on April 29, 2025 is attached to Plaintiff's Complaint at Doc. No. 1-3, PageID #s 14-18. Plaintiff's Complaint included the same three claims for relief set forth in her First Lawsuit filed against Quest: Count I: Retaliation; Count II: Intentional

---

[2] Although in both Plaintiff's Complaint and Plaintiff's Amended Complaint Mwimbwa alleges that she, through her counsel, filed her Charge of Discrimination with the EEOC on April 3, 2025, the document she attached as Exhibit I to Plaintiff's Amended Complaint indicates that the Charge of Discrimination was filed on April 17, 2025. (Doc. No. 10, PageID # 76.)

Infliction of Emotional Distress; and Count III: Violation of Americans with Disabilities Act. (*Id.*, PageID #s 3-6.)

On June 14, 2025, Quest filed Defendant's Motion seeking dismissal of Counts I and III of Plaintiff's Complaint, arguing generally that Plaintiff had failed to exhaust her administrative remedies because she had failed to file a valid charge of discrimination. Quest asserted that because the April 17, 2025 Charge of Discrimination submitted to the EEOC had not been signed and verified by Mwimbwa it failed to meet the requirements of Title VII or the ADA. (Doc. Nos. 6 and 6-1.) Attached as Exhibit A to Defendant's Motion is the Charge of Discrimination filed on April 17, 2025 that includes only the /s/ signature of Mwimbwa's Attorney Bruce Taubman. (Doc. No. 6-2, PageID #s 44-45.) It does not include any signature by Mwimbwa as the Complainant. (*Id.*) And Quest also asserted that by receiving the April 29, 2025 right-to-sue notice April 29, 2025 and filing Plaintiff's Complaint afterward, Mwimbwa could not amend her charge. (Doc. No. 6-1, PageID # 41-42.)

Then, on July 1, 2025, Plaintiff filed the operative Amended Complaint ("Plaintiff's Amended Complaint"). (Doc. No. 10.) It is identical to Plaintiff's Complaint with the exception of the following. First, in the introductory paragraph of Plaintiff's Amended Complaint, Mwimbwa represents that she is "add[ing] an updated copy of Plaintiff's Charge of Discrimination form that includes Plaintiff's signature (EXHIBIT I) which has been sent to the U.S. Equal Employment Opportunity Commission to be added to Plaintiff's file." (Doc. No. 10, PageID # 68.) Second, EXHIBIT I attached to Plaintiff's Amended Complaint is different than EXHIBIT 1 attached to Plaintiff's Complaint in that it consists of only one page, and it appears to include Attorney Bruce D. Taubman's signatures as a notary before whom: 1.) Mwimbwa declared under penalty of perjury that the Charge of Discrimination was true and correct; and 2.) as the Complainant, Mwimbwa swore or

4

affirmed that she had read the charge and that it is true to the best of her knowledge, information and belief. (*Id.*, PageID # 76.) It is clear from comparing EXHIBIT I attached to Plaintiff's Amended Complaint with EXHIBIT 1 attached to Plaintiff's Complaint, both of which bear the typewritten 04/14/2025 date and /s/ Bruce Taubman signature, that Mwimbwa and Attorney Taubman merely added to the Charge submitted on 4/17/25 and attached as EXHIBIT 1 to Plaintiff's Complaint, 2025, their signatures on what appears to be the handwritten date of June 27, 2025; and then sent it to the EEOC to be added to Plaintiff's file.

In Defendant's Motion, and pursuant to Fed. R. Civ. P. 12(b)(6), Quest moves this Court to dismiss Counts I and III of Complaint's Complaint for failure to state a claim upon which relief can be granted. Specifically, Quest argues that Counts I and III should be dismissed because Mwimbwa failed to sign and verify her charge and the signature of her attorney on the charge is not sufficient to meet the verification requirements to support her charge of discrimination. According to Quest, "Plaintiff's failure to verify the charge of discrimination before filing this lawsuit prevents her from doing so now." (Doc. No. 11-1, PageID # 84.)

In Plaintiff's Opposition, Mwimbwa responds that dismissal on "such hyper-technical grounds is inconsistent with Title VII''s remedial purpose, that disputes be resolved on the merits, not technicalities." (Doc. No. 15, PageID # 104.) In support of her assertion that the "Court should review the scope of the EEOC liberally" Mwimbwa cites to *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 399 (7th Cir. 2019) (quoting *Husch v. Szabo Food Serv. Co.,* 851 F.2d 999, 1002 (7th Cir. 1988)). According to Mwimbwa, because she received her right to sue letter from the EEOC before filing her complaint, she has exhausted her administrative remedies. Mwimbwa acknowledges that she "unfortunately made an error in the signing of the Charge of Discrimination form but still received

her Right-to-Sue letter[;]" she "resubmitted the Charge of Discrimination letter with her signature when she noticed the error[;]" and "Defendant was not prejudiced by the lack of the signing of Plaintiff's Charge of Discrimination form as no new information was added when Plaintiff corrected the signing error." (*Id.*, PageID # 105.)

In Defendant's Reply, Quest submits that Plaintiff's Opposition "provides no legal support to Plaintiff's effort to avoid dismissal of the subject claims." (Doc. No. 17, PageID # 112.) Quest asserts that Mwimbwa's reliance on *Trujillo* is misplaced because therein the court declined to dismiss the lawsuit because while the plaintiff had committed a "minor error" by failing to identify the full legal name of her employer, she had included the correct address and telephone number of the employer. (*Id.*, PageID # 113, quoting *Trujillo*, 926 F.3d at 400.) According to Quest, "[t]he failure to include one word from the employer's name is simply not comparable to Plaintiff's failure to sign her charge under oath, as required by applicable law." (*Id.*)

In response to Defendant's Reply, Mwimbwa filed Plaintiff's Motion, arguing that Defendant's Reply "raised new arguments concerning the subject matter jurisdiction of the Court over issues of due process and equal protection." (Doc. No. 18, PageID # 116.) Mwimbwa asserts that "not all facts were properly presented to the Court" and that "Plaintiff would like to express that the Amended Complaint should incorporate the signed and notarized charging document refiled with the EEOC." (*Id.*) Quest did not file any response or opposition to Plaintiff's Motion.

**II. Standard of Review**

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"

*Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)). For purposes of both Rule 12(b)(6) and Rule 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). The measure of a Rule 12(b)(6) challenge — whether the Complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir.2008) (quoting in part *Twombly*, 550 U.S. at 555–556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**III.    Analysis**

Before a plaintiff may file an action in federal court under the ADA or Title VII, she must first exhaust her administrative remedies. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (discussing exhaustion under the ADA); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-63 (6th Cir. 2010) (discussing exhaustion under Title VII). As part of the administrative exhaustion requirements, an aggrieved employee must file a charge with the EEOC. *Id.* The exhaustion requirements under each statute are the same. 42 U.S.C. § 12117(a) (adopting the

procedures of 42 U.S.C. § 2000e-5 (setting forth the procedures for enforcing Title VII) for ADA claims).

According to the Sixth Circuit, "an employee may not file a suit under the ADA [or Title VII] if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies." *Parry*, 236 F.3d at 309 (citing 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(A)); *see also Portis v. Ohio*, 141 F.3d 632, 634–635 (6th Cir. 1998). However, because "the right-to-sue letter is a condition precedent" to filing suit, rather than a jurisdictional requirement, "the requirement of obtaining a right-to-sue letter may be waived by the parties or the court." *Parry*, 236 F.3d at 309 (citing *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). In *Parry*, the aggrieved party plaintiff had not apprised the district court of his right-to-sue letter until after the court had granted the defendant's motion for summary judgment. 236 F.3d at 310. But, because there was no jurisdictional defect and no evidence that Defendants had suffered any prejudice from the plaintiff's failure to initially satisfy this condition precedent, "a defect he later cured[;]" the Sixth Circuit thought it would be "unduly harsh, under th[o]se circumstances, to deny Plaintiff his day in court as to his ADA claim" and concluded that the district court had "improperly dismissed Plaintiff's claim on that basis." *Id.* .

The only exhibit attached to Plaintiff's Amended Complaint is what Mwimbwa alleges is "an updated copy of Plaintiff's Charge of Discrimination form that includes Plaintiff's signature (EXHIBIT I)" which according to Plaintiff "has been sent to the U.S. Equal Employment Opportunity Commission to be added to Plaintiff's file. (Doc. No. 10, PageID #s 68, 76.) Although Mwimbwa attached to Plaintiff's Complaint the right-to-sue letter she alleges was issued to her by the EEOC on April 29, 2025, she did not attach that right-so-sue letter to her Amended Complaint. Therefore, the

8

right-to-sue letter is not part of the operative complaint that is the subject of Defendant's Motion. Quest has not attached to Defendant's Motion, any copy of the right-to-sue letter, but only a copy of Mwimbwa's Charge of Discrimination to attempt to demonstrate that Mwimbwa did not verify the Charge of Discrimination before filing the lawsuit and therefore, according to Quest, Counts I and III of her Amended Complaint must be dismissed. Indeed, in Defendant's Motion, Quest quotes from the April 29, 2025 right-to-sue letter as including the representation that "[t]he EEOC is terminating its processing of this charge[]" to demonstrate that it was never given the opportunity to respond to the merits of the charge and, in turn, raise the defense that Plaintiff failed to file a valid charge of discrimination until Plaintiff filed suit. The Court construes this as an argument that Quest was prejudiced. However, the right-to-sue letter that Quest relies upon was not attached to Plaintiff's Amended Complaint and therefore, the Court cannot rely on any representations included therein to evaluate any potential prejudice argument. Upon this record, the Court can only conclude that enforcing the condition precedent of exhaustion of administrative remedies absent any demonstration of prejudice to Quest, would be "unduly harsh." The issue of prejudice can always be raised by Quest in any dispositive motion it files.

Moreover, and importantly, the "[f]ailure to exhaust administrative remedies . . . is an affirmative defense . . . and the defendant bears the burden of pleading and proving this failure." *Lockett v. Potter,* 259 F. App'x 784, 786 (6th Cir. 2008) (citing cases); *see also Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013) (citing *Wright v. Universal Mar. Serv. Corp.,* 525 U.S. 70, 75 (1998)); *Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013). "Courts generally cannot grant motions to dismiss on the basis of an affirmative defense

unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings." *Barney v. PNC Bank (In re Estate of Barney)*, 714 F.3d 920, 926 (6th Cir. 2012).

In this Circuit, defendants may "raise an affirmative defense in a pre-answer motion to dismiss 'where the defense clearly appears on the face of the [complaint].'" *Middleton v. United Church of Christ Bd.*, 483 F. Supp. 3d 489, 496 (N.D. Ohio 2020) (quoting *Pierce v. Oakland Cty.*, 652 F.2d 671, 672 (6th Cir. 1981)). Stated differently, this Court cannot grant Quest's Motion unless Mwimbwa's "own allegations contain facts which satisfy the elements of [the] defense" of administrative exhaustion. *Princeton Excess & Surplus Lines Ins. Co. v. Caraballo*, 693 F. Supp. 3d 783, 791 (N.D. Ohio 2023)(citing *Hensley Mfg*, 589 F.3d at 613).

Plaintiff's Amended Complaint contains allegations that she received a right-to-sue letter from the EEOC on April 29, 2025 and "has exhausted all administrative remedies available to her which has led her to file this lawsuit." (Doc. No. 10 at ¶ 27.)  Since Mwimbwa's Amended Complaint does not establish the elements of Quest's affirmative defense, the Court cannot dismiss Counts I and III of Plaintiff's Amended Complaint on this ground. *See Sedoris v. Diversicare Healthcare Servs.*, No. 3:20-cv-174-DJH, 2021 U.S. Dist. LEXIS 30262 at *12 (W.D. Ky. Feb. 18, 2021) (denying a motion to dismiss an age discrimination claim for failure to exhaust administrative remedies on the same grounds).

Accordingly, and for the reasons set forth above, Defendant's Motion is DENIED.  And, therefore, Plaintiff's Motion is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  November 18, 2025

  s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE